## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

JOSE LUIS ORELLANO GUZMAN,               )
                                         )
            Petitioner,                  )
                                         )
v.                                       )        Case No. CIV-26-1267-J
                                         )
MARKWAYNE MULLIN, et al.,                )
                                         )
            Respondents.                 )

## ORDER

Petitioner Jose Luis Orellano Guzman, a citizen of Mexico, is currently in the custody of the U.S. Immigration and Customs Enforcement (ICE).  He has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention [Doc. No. 1].  The matter was referred to United States Magistrate Judge Chris M. Stephens who issued a Report and Recommendation [Doc. No. 11] recommending that the Court grant, in part, the Petition by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a bond hearing within that period.  Respondents filed a timely Objection [Doc. No. 12], triggering de novo review as to the portions of the Report and Recommendation to which a specific objection is made.  *See* Fed. R. Civ. P. 72(b)(3); *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 808 (10th Cir. 2023).

Petitioner is a citizen of Mexico who entered the United States without inspection in 2009, when he was a minor.  On May 23, 2026, Petitioner was arrested by a local police officer in Bokoshe, Oklahoma for alleged traffic violations, and he was later transferred to ICE custody.  On May 30, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.

Respondents concede that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) is controlling in this case and request that any order be limited to ordering Respondents to provide a bond hearing within seven days.  Obj. at 1-2.  In that case, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Santillan Quiroz*, 180 F.4th at 1237; *see also Moreta-Mateo v. Warden, Diamondback Corr. Facility*, No. CIV-26-539-J, 2026 WL 1822994, at *2 (W.D. Okla. June 24, 2026).  Therefore, the Court finds that Petitioner is entitled to a bond hearing and Respondents' failure to provide one violates the Immigration and Nationality Act.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 11] and GRANTS Petitioner's Petition for Writ of Habeas Corpus in part as follows:  Respondents are ordered to provide Petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within five (5) business days or otherwise release Petitioner if he has not received a hearing within that period.  Respondents shall certify compliance within seven (7) days of the date of this Order.

A separate judgment will enter.

IT IS SO ORDERED this 6th day of August, 2026.

_____
BERNARD M. JONES, II
UNITED STATES DISTRICT JUDGE

2